UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GREENTREE REAL ESTATE, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: 1:08-cv-0080-LJM-DML |
| | ) | |
| BRIDGER COMMERCIAL FUNDING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## Order on Motion to Compel (Dkt. 97)

This case is before the court on the motion of Greentree Real Estate, LLC, and Third-Party Defendants, Mike Abdalla and Basim Abdalla (collectively "Greentree") to compel production of documents. (Dkt. 97)  The parties appear to have resolved some of the issues since the filing of the motion.  The primary issue remaining for determination is whether Bridger Commercial Funding, LLC ("Bridger"), must produce documents responsive to Requests 1-4 from Greentree's third request for production.[1]

### Requests 1 and 2

Greentree's Request No. 1 seeks:

> Copies of all research reports, marketing materials, and client communications prepared by Bridger and related to the Commercial Mortgage-Backed Security marketplace, specifically with regard to U.S. Treasuries, agencies, commercial real estate loans, and interest rate swap rates and the effects on Bridger's Pipeline2 and Pipeline Risk (as defined in the definitions above) from November, 2006 to the present.

---

[1]  After Greentree filed its motion to compel, Bridger produced some documents responsive to Greentree's second request for production.  The court notes Greentree's concern that Bridger's production of only one document responsive to Requests 5-8 may be insufficient and, in particular, that the production should have included documents in the possession of a non-party closely related to Bridger.  Greentree will be permitted to raise this issue later if discovery supports its concern.

Greentree's Request No. 2 seeks:

> Copies of all research and policies prepared by or relied on by Bridger concerning Bridger's management of Pipeline Risk (as defined in the definitions above) from November, 2006 to the present.

In its motion, Greentree specifically argues that these requests are relevant to its claims that Bridger breached the rate lock agreement at issue by, among other things, refusing to honor the agreed upon and locked in interest rate.  Greentree also maintains the information would reveal how and if Bridger "hedged" appropriately, how it dealt with the instruments it used to hedge, and how it managed its risk under the Rate Lock Agreement.  Finally, Greentree asserts that the requests are relevant to Bridger's claim for breakage costs and will reveal how Bridger made its calculations of those costs and whether the calculations are appropriate.

Bridger's response to the motion to compel production of these documents consists of one sentence:  "[These] request[s] encompass[] information regarding hundreds of transactions, individuals and entities wholly unrelated to the issues in this litigation and would place an undue burden on Bridger to review hundreds of irrelevant documents."  (Dkt.103 at pp.5-6)  As the objecting party, Bridger has the burden of showing that the requested discovery is overly broad, unduly burdensome, or irrelevant.  It must specifically detail the reasons for its objections as to each request and cannot simply recite the familiar boilerplate litany of objections.  *See, e.g., Graham v. Casey's General Stores*, 206 F.R.D. 253, 254 (S.D. Ind. 2002).  Bridger has not begun to explain, for example, why the transactions encompassed by Greentree's requests are not relevant to any issue in this case.  Its conclusory assertion falls far short of its burden.

**Requests 3 and 4**

Request No. 3 seeks:

> Copies of all documents showing rate lock breaks (or broken rate
> lock agreements) by Bridger with regard to other rate lock
> agreements and other loans from November, 2001 to the present.

Request No. 4 seeks:

> All documents showing Bridger's calculations for any and all rate
> lock breaks, breakage costs and/or fees with regard to other rate
> lock agreements and other loans from November, 2001 to the
> present, including any adjustments made to the breakage costs or
> fees whether or not such adjustments included adjustments for the
> credit spread or credit hedge.

Greentree argues that these requests are relevant to its claims for breach of contract,
illusory contract, breach of the covenant of good faith and fair dealing, and claims for violations
of Indiana and California security laws, including allegations of fraud and deceit. It says that
information responsive to Requests 3 and 4 will likely show if Bridger has broken rate lock
agreements in the past, Bridger's treatment of those rate lock breaks, the circumstances
surrounding those rate lock breaks, and Bridger's calculation of breakage costs in connection
with those rate lock breaks, all of which would be relevant to determining whether Bridger's
actions with regard to breaking the rate lock in this case were customary and/or reasonable.

Bridger's response to the motion to compel this information consists of two conclusory
statements: "The information requested . . . is wholly unrelated and is completely irrelevant to
the issues present in this litigation. Likewise, it would place an undue burden on Bridger to
review hundred of irrelevant documents." (Dkt. 103 at pp. 6-7) This response to the motion to
compel suffers the same infirmities as Bridger's response regarding Requests 1 and 2.

3

Having reviewed Requests 1 through 4, the court surmises that cogent arguments may exist that some or all of the information encompassed by Greentree's requests is not relevant to claims or defenses in this case and would be unduly burdensome to review and produce. The problem is that Bridger has not advanced any. The motion to compel is therefore GRANTED. Bridger is ordered to produce the documents responsive to Requests 1 through 4 within twenty-one days of this order.

**Request for Fees and Expenses**

Greentree seeks its attorney fees and expenses incurred in filing its motion to compel and supporting memoranda. Greentree argues that it took Bridger six months—during which Greentree had to prod Bridger repeatedly and ultimately file a motion to compel—to produce a few email attachments, one document responsive to Requests 5-8, and a statement that Bridger had produced all responsive documents. The court will maintain that request under advisement pending the completion of discovery in this case.

So ORDERED.

Date: 02/25/2010

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

4

Distribution:

Christopher E. Baker
HOSTETLER & KOWALIK PC
ceb@hostetler-kowalik.com

Andrew M. Bond
POLSINELLI SHALTON FLANIGAN SUELTHAUS, PC
abond@polsinelli.com

Abigail B. Cella
ICE MILLER LLP
abby.cella@icemiller.com

Robert J.E. Edwards
POLSINELLI SHALTON FLANIGAN SUELTHAUS, PC
redwards@polsinelli.com

Gary Lynn Hostetler
HOSTETLER AND KOWALIK
glh@hostetler-kowalik.com

James L. Petersen
ICE MILLER LLP
james.petersen@icemiller.com